IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

S.A.B.,                                    :
                                           :
              Plaintiff,                   :
     v.                                    :
                                           :     CASE NO:  7:23-cv-005-WLS-TQL
Commissioner of Social Security,           :
                                           :
              Defendant.                   :
_____           :

## ORDER

Before the Court is Plaintiff's Consent Motion for Attorney's Fees under the Equal Access to Justice Act (Doc. 18) ("Motion for Fees"). Plaintiff requests an award of $5,787.90 for 23.84 hours of attorney services. The Commissioner has not filed a response to the Motion for Fees, but Plaintiff 's Counsel represents that he contacted Commissioner's Counsel and who indicated that the Commissioner does not object to the amount of the fees requested. (*Id.* at 2.)

## I.   PROCEDURAL BACKGROUND

Plaintiff filed a Complaint in this Court on January 11, 2023, appealing the Social Security Administration's denial of his claim for disability benefits. (Doc. 1.) In response to the Brief of Plaintiff in Support of his Social Security Appeal (Doc. 12), the Commissioner of Social Security ("Commissioner") filed an Unopposed Motion for Entry of Judgment with Reversal and Remand of the Cause to the Defendant (Doc. 15) ("Motion for Judgment"). Therein, the Commissioner requested, pursuant to sentence four of 42 U.S.C. § 405(g), that the Court enter a judgment with reversal and remand of the cause to the Commissioner. By Order (Doc. 16) entered June 1, 2023, the Court granted the Motion for Judgment reversing the Commissioner's decision and remanding the case to the Commissioner.

Plaintiff now seeks attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, totaling $5,787.90 for 23.84 hours of attorney services. (Doc. 18.) This constitutes an average hourly rate of $242.78. While three attorneys worked on this

matter, their separate hourly rates are not provided to the Court. A copy of an agreement between Plaintiff and his counsel under the EAJA is attached to the Motion for Fees. (*See* Doc. 18-2.) Pursuant to that agreement, Plaintiff assigns any attorney fees awarded to Plaintiff to the firm of Martin Jones & Piemonte.

## II.   EQUAL ACCESS TO JUSTICE ACT

Pursuant to the EAJA:

[A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Moreover, the attorney's fees requested must be reasonable. 28 U.S.C. § 2412(d)(2)(A). "'Excessive, redundant or otherwise unnecessary' hours must be deducted from an award of fees." *Jipson v. Comm'r of Soc. Sec.*, No. 2:13-cv-450-FtM-38DNF, 2014 WL 2951824, at *3 (M.D. Fla. July 1, 2014), *adopting recommendation*, No. 2:13-cv-450-FtM-38DNF, 2014 WL 2951824 (M.D. Fla. June 12, 2014) (citing *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir.1988) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983))). "The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment." *Hensley*, 461 U.S. at 436-37.

The Court does not find that the Commissioner's original position in denying Plaintiff's claim for disability benefits was substantially justified or that special circumstances make an award unjust. Particularly, where the Commissioner filed the Motion for Judgment requesting the remand for an Administrative Law Judge ("ALJ") to:

(1) further evaluate the medical opinion evidence and prior administrative medical findings under 20 C.F.R. §§ 404.1520c and 416.920c, including specific consideration of the factors of consistency and supportability; (2) if needed, reconsider Plaintiff's residual functional capacity based on the evidence of record; (3) if necessary, obtain supplemental vocational evidence; (4) take any further action to complete the administrative record; (5) offer Plaintiff the opportunity for a new hearing; and (6) issue a new decision.

(Doc. 15 at 3.) Thus, an award of fees is appropriate here.

## III.   REASONABLENESS OF FEES REQUESTED

The EAJA provides that "reasonable attorney fees . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(a).

"Plaintiff bears the burden of showing that the hours requested are reasonable." *Gallo v. Colvin*, No. 1:14-CV-2704-WSD, 2016 WL 5899313, at *1 (N.D. Ga. Oct. 11, 2016) (citing *Hensley*, 461 U.S. at 434). The Eleventh Circuit Court of Appeals defines a "reasonable hourly rate" as "the prevailing market rate in the relevant legal community for similar services by attorneys with reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citation omitted); *Cullens v. Georgia Dep't. of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994) ("'The 'relevant market' is generally 'the place where the case is filed.'").

> The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. . . . satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate.

*Norman*, 836 F.2d at 1299 (citations omitted). "[W]here there is inadequate evidence, the district court is considered an expert on the question of reasonable fees and can consider its own knowledge and experience without additional pleadings or a hearing." *Callaway v. Acting Comm'r of Soc. Sec.*, 802 F. App'x 533, 536 (11th Cir. 2020) (citing *Norman*, 836 F.2d at 1303).

In Plaintiff's Motion for Fees, he requests attorney's fees totaling $5,787.90 for 23.84 hours ($242.78 per hour) of attorney services in this case. Attached to the Motion for Fees are the time records for Plaintiff's counsel of record, George C. Piemonte of the firm Martin Jones & Piemonte, with offices in Decatur, Georgia, and Charlotte, North Carolina. Laura Beth Waller, is also listed as Plaintiff's counsel of record. Mr. Piemonte was admitted to practice in this Court on January 13, 2020, and Ms. Waller was admitted on June 28, 2021. In addition,

the time records reflect that Jonathan Heeps also performed work in this case. Mr. Heeps is admitted to practice in the courts in Texas but is not admitted to practice in this Court.

The affidavits of Ms. Waller and Mr. Heeps, submitted in support of the requested fees, show that Ms. Waller and Mr. Heeps are attorneys employed to provide brief and memo writing services in support of counsel of record in Social Security cases. Based on this description, it is unclear whether Ms. Waller and Mr. Heeps are actually employees of Martin Jones & Piemonte or whether they are independent contractors who occasionally work for the firm so any fees they charge to the firm would actually be expenses of the firm. As noted above, Plaintiff has not provided the Court with the hourly rates for any of the attorneys. Mr. Heeps performed the majority of the work in this case (18.91 hours totaling $4,590.97—based on the average hourly rate of $242.78 requested by Plaintiff).

This Court has often awarded the CPI rate adjusted for inflation to attorneys in social security appeals, especially where the Commissioner has filed no opposition. However, the Plaintiff's Motion for Fees requires clarification of the relationship between the firm of Martin Jones & Piemonte and Ms. Waller and Mr. Heeps. Such clarification shall include whether Ms. Waller and/or Mr. Heeps are employees of the firm along with their position with the firm or whether either or both of them are independent contractors, or such other relationship if they are not employees or independent contractors. In addition, the Court requires information on how Ms. Waller and/or Mr. Heeps are compensated, whether they receive W-2 Forms or 1099 Forms. In the event they are not "associates" of the firm in the usual meaning of the term, Plaintiff shall provide the amount of compensation paid to Ms. Waller and to Mr. Heeps for their work on this case and basis on which the firm is entitled to receive compensation for their work at the hourly rate of $242.78. The Court requires sufficient information and authority to determine whether the fees or expenses paid to these attorneys should be treated as expenses of the firm in this case.

Further, as noted above, Mr. Heeps has not been admitted to practice in this Court. "A district court may adopt local rules governing its practice, provided they are consistent with federal law and the federal rules of procedure, evidence, and bankruptcy." *Zech v. Comm'r. of Soc. Sec.*, 680 F. App'x 858, 860 (11th Cir. 2017). Pursuant to Local Rule 83.1.1(B), "[t]o be eligible to practice in this court an attorney must have been admitted to practice in the trial

courts of the State of Georgia and be an active member in good standing of the State Bar of Georgia. Only attorneys who are admitted to practice in this Court, or who have otherwise obtained permission under Rule 83.1.2c [providing for permission to practice in a particular case], may appear as counsel."

The firm of Martin Jones & Piemonte has presented multiple motions to this Court for fees for attorneys who had not been admitted to practice in this Court.[1] Those cases involved a question of whether the Court should reduce the rate of compensation for attorneys not admitted to practice before this Court as other district courts in this Circuit have done.[2] Here the Court is concerned with determining the reasonable hourly rate to be paid to Plaintiff's attorney of record for work performed by attorneys who appear to be contract attorneys.

Based on the foregoing, Plaintiff is allowed ten (10) days from entry of this Order to supplement his Motion for Fees with all of the information required above. *See supra* p. 4 .

**SO ORDERED**, this 22nd day of December 2023.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] *See McIntyre v. Acting Comm'r of Soc. Sec.*, No. 1:17-cv-0059-LAG-TQL, Order (M.D. Ga. Jan. 17, 2020); *Pitts v. Acting Comm'r of Soc. Sec.*, No. 7:16-CV-0060-WLS-TQL, Order (M.D. Ga. Oct. 14, 2020); *Powers v. Acting Comm'r of Soc. Sec.*, No. 1:17-CV-0001-WLS-TQL, Order (M.D. Ga. Jan. 15, 2021); *Davis v. Acting Comm'r of Soc. Sec.*, No. 7:17-CV-43-WLS-TQL, Order (M.D. Ga. Nov. 6, 2021).

[2] *See Zech v. Comm'r of Soc. Sec.,* 680 F. App'x 858, 860 (11th Cir. 2017) ("The district court did not abuse its discretion by compensating [non-admitted] attorneys at the paralegal hourly rate."); *see also, Callaway v. Comm'r of Soc. Sec.*, 802 F. App'x 533 (11th Cir. 2020) (upholding award of attorney's fees for non-admitted attorneys at hourly rate of paralegals, but remanding for district court to provide the basis for his finding that the prevailing market rate for paralegals was $75).