**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| S.A.B., | : | |
| | : | |
| **Plaintiff,** | : | |
| v. | : | |
| | : | **CASE NO: 7:23-cv-005-WLS-TQL** |
| **Commissioner of Social Security,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## <u>ORDER</u>

Before the Court is Plaintiff's Consent Motion for Attorney's Fees under the Equal Access to Justice Act (Doc. 18) ("Motion for Fees"). Plaintiff was represented by George C. Piemonte and Laura Waller of the firm of Martin Jones & Piemonte ("Firm"). The Motion for Fees reflects that Jonathan Heeps also performed work in this case on behalf of the Plaintiff. Mr. Heeps is admitted to practice in courts in Texas but is not admitted to practice in this Court. Plaintiff seeks attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, totaling $5,787.90 for 23.84 hours of attorney services. (Doc. 18). This is an average hourly rate of $242.78. The affidavits of Ms. Waller and Mr. Heeps, submitted in support of the requested fees, show that Ms. Waller and Mr. Heeps are attorneys employed to provide brief and memo writing services in support of the Firm's Social Security cases.

Based on their affidavits, the Court found that it was unclear whether Ms. Waller and Mr. Heeps are employees of the Firm or whether they are independent contractors who occasionally work for the Firm so the compensation paid to them is actually an expense of the Firm. By Order (Doc. 19) entered December 22, 2023, the Court ordered that Plaintiff's counsel clarify the relationship between the Firm and Ms. Waller and Mr. Heeps.

Mr. Piemonte filed a supplement ("Supplement") (Doc. 20) on January 2, 2024. Therein, Mr. Piemonte, states that as of June 1, 2023, Ms. Waller was no longer employed by the Firm. He further states that prior to that time, and at all the times pertinent to the Motion for Fees, Ms. Waller was a salaried employee of the Firm.

1

Mr. Piemonte states that Mr. Heeps is not an employee of the Firm, but is an independent contractor who receives a 1099 Form for his services to the Firm. Mr. Heeps was compensated at the rate of $75 per hour for his work on this case. The Court also required authority on why the amount paid to contract attorneys should not be treated as expenses of the firm. Counsel failed to address this question. Rather, Mr. Piemonte only stated that the Court "must determine the prevailing market rates for [Heeps]'s services based on [his] training, skill, and experience." (Doc. 20 at 2 (quoting *Callaway v. Acting Comm'r of Soc. Sec.*, 802 Fed. Appx. 533, 537 (11th Cir. 2020)).

The Commissioner has not filed a response to the Motion for Fees, but Plaintiff's Counsel represents that he contacted Commissioner's Counsel, who indicated that the Commissioner does not object to the amount of the fees requested. (*Id.* at 2.)

## I.    PROCEDURAL BACKGROUND

Plaintiff filed a Complaint in this Court on January 11, 2023, appealing the Social Security Administration's denial of his claim for disability benefits. (Doc. 1.) In response to the Brief of Plaintiff in Support of his Social Security Appeal (Doc. 12), the Commissioner of Social Security ("Commissioner") filed an Unopposed Motion for Entry of Judgment with Reversal and Remand of the Cause to the Defendant (Doc. 15) ("Motion for Judgment"). Therein, the Commissioner requested, pursuant to sentence four of 42 U.S.C. § 405(g), that the Court enter a judgment with reversal and remand of the cause to the Commissioner. By Order (Doc. 16) entered June 1, 2023, the Court granted the Motion for Judgment reversing the Commissioner's decision and remanding the case to the Commissioner.

While three attorneys worked on this matter, their separate hourly rates are not provided to the Court. A copy of an agreement between Plaintiff and his counsel under the EAJA is attached to the Motion for Fees. (*See* Doc. 18-2.) Pursuant to that agreement, Plaintiff assigns any attorney fees awarded to Plaintiff to the firm of Martin Jones & Piemonte.

## II.    EQUAL ACCESS TO JUSTICE ACT

Pursuant to the EAJA:

[A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a),

incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Moreover, the attorney's fees requested must be reasonable. 28 U.S.C. § 2412(d)(2)(A). "'Excessive, redundant or otherwise unnecessary' hours must be deducted from an award of fees." *Jipson v. Comm'r of Soc. Sec.*, No. 2:13-cv-450-FtM-38DNF, 2014 WL 2951824, at *3 (M.D. Fla. July 1, 2014), *adopting recommendation*, No. 2:13-cv-450-FtM-38DNF, 2014 WL 2951824 (M.D. Fla. June 12, 2014) (citing *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir.1988) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983))). "The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment." *Hensley*, 461 U.S. at 436-37.

The Court does not find that the Commissioner's original position in denying Plaintiff's claim for disability benefits was substantially justified or that special circumstances make an award unjust. Particularly, where the Commissioner filed the Motion for Judgment requesting the remand for an Administrative Law Judge ("ALJ") to:

> (1) further evaluate the medical opinion evidence and prior administrative medical findings under 20 C.F.R. §§ 404.1520c and 416.920c, including specific consideration of the factors of consistency and supportability; (2) if needed, reconsider Plaintiff's residual functional capacity based on the evidence of record; (3) if necessary, obtain supplemental vocational evidence; (4) take any further action to complete the administrative record; (5) offer Plaintiff the opportunity for a new hearing; and (6) issue a new decision.

(Doc. 15 at 3.) Thus, an award of fees is appropriate here.

## III.   REASONABLENESS OF FEES REQUESTED

In Plaintiff's Motion for Fees, he requests attorney's fees totaling $5,787.90 for 23.84 hours ($242.78 per hour) of attorney services in this case.

The EAJA provides that "reasonable attorney fees . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase

in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(a).

"Plaintiff bears the burden of showing that the hours requested are reasonable." *Gallo v. Colvin*, No. 1:14-CV-2704-WSD, 2016 WL 5899313, at *1 (N.D. Ga. Oct. 11, 2016) (citing *Hensley*, 461 U.S. at 434). The Eleventh Circuit Court of Appeals defines a "reasonable hourly rate" as "the prevailing market rate in the relevant legal community for similar services by attorneys with reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citation omitted); *Cullens v. Georgia Dep't. of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994) ("The 'relevant market' is generally 'the place where the case is filed.'").

> The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. . . . satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate.

*Norman*, 836 F.2d at 1299 (citations omitted). "[W]here there is inadequate evidence, the district court is considered an expert on the question of reasonable fees and can consider its own knowledge and experience without additional pleadings or a hearing." *Callaway v. Acting Comm'r of Soc. Sec.*, 802 F. App'x 533, 536 (11th Cir. 2020) (citing *Norman*, 836 F.2d at 1303).

### A.    Services Provided by George Piemonte and Laura Waller

Attached to the Motion for Fees are the time records for Plaintiff's counsel of record, George C. Piemonte of the firm Martin Jones & Piemonte, with offices in Decatur, Georgia, and Charlotte, North Carolina. Laura Beth Waller, is also listed as Plaintiff's counsel of record. Mr. Piemonte was admitted to practice in this Court on January 13, 2020, and Ms. Waller was admitted on June 28, 2021. Based on the statements in the Supplement, the Court is satisfied that at the time she performed her services in this case, Ms. Waller was an employee of the Firm, with approximately eleven years' experience working on Social Security Disability cases.

The Court takes no issue with the hourly rate requested for Mr. Piemonte and Ms. Waller. A reasonable market rate in this region for attorneys with skills and experiences similar to Mr. Piemonte and Ms. Waller is above $125. This Court has often awarded the CPI rate adjusted for inflation to attorneys in social security appeals and, especially where the

Commissioner has filed no opposition, finds no reason to depart from that practice here. The hourly rate sought here for Mr. Piemonte and Ms. Waller is reasonable and justified by the increased cost of living. Plaintiff shall be awarded fees at the rate of $242.78 for 4.93 hours of services provided by Mr. Piemonte (2.63 hours) and Ms. Waller (2.3 hours) for a total amount of $1,196.91.

### B.   Services Provided by Jonathan Heeps

The time records reflect that Jonathan Heeps also performed work in this case. As noted above, Mr. Heeps is admitted to practice in the courts in Texas but is not admitted to practice in this Court. Mr. Heeps performed the majority of the work in this case (18.91 hours totaling $4,590.97—based on the average hourly rate of $242.78 requested by Plaintiff). Based on the Supplement, Mr. Heeps is a contract attorney and the Firm paid him $75 per hour for his services—or a total of $1,418.25.

The firm of Martin Jones & Piemonte has presented multiple motions to this Court for fees for attorneys who had not been admitted to practice in this Court.[1] Those cases involved a question of whether the Court should reduce the rate of compensation for attorneys not admitted to practice before this Court as other district courts in this Circuit have done.[2] While that is one of the issues before the Court, the Court is further concerned with determining the reasonable amount that should be paid to the Firm based on work performed by a contract attorney—particularly where the Firm requests over $3,000 more than the compensation paid to the contract attorney who was working directly for the Firm—not the Plaintiff. (*See* Supplement Doc. 20 at 2 ("Mr. Heeps did not and has not appeared as counsel for Plaintiff.")). The Firm requests it be paid $242.78 per hour for Mr. Heeps's services, which they valued at $75 per hour.

---

[1] *See McIntyre v. Acting Comm'r of Soc. Sec.*, No. 17-cv-59, Order (M.D. Ga. Jan. 17, 2020); *Pitts v. Acting Comm'r of Soc. Sec.*, No. 16-cv-60, Order (M.D. Ga. Oct. 14, 2020); *Powers v. Acting Comm'r of Soc. Sec.*, No. 17-cv-01, Order (M.D. Ga. Jan. 15, 2021); *Davis v. Acting Comm'r of Soc. Sec.*, No. 17-cv-43, Order (M.D. Ga. Nov. 6, 2021).

[2] *See Zech v. Comm'r of Soc. Sec.,* 680 F. App'x 858, 860 (11th Cir. 2017) ("The district court did not abuse its discretion by compensating [non-admitted] attorneys at the paralegal hourly rate."); *see also, Callaway v. Comm'r of Soc. Sec.*, 802 F. App'x 533 (11th Cir. 2020) (upholding award of attorney's fees for non-admitted attorneys at hourly rate of paralegals, but remanding for district court to provide the basis for his finding that the prevailing market rate for paralegals was $75).

As noted above, the Court's December 22, 2023 Order required Plaintiff's counsel to provide support for the position that the Firm is entitled to receive compensation for Mr. Heeps's services at the hourly rate of $242.78. The Court noted other cases where the fees of other attorneys not admitted to practice in this Court were reduced to the prevailing market rate for paralegals. The Court's December 22, 2023 Order also required the Firm to provide authority as to why the amount paid to contract attorneys should not be treated as expenses of the Firm. Counsel failed to address this question.

Mr. Piemonte contends the Court must determine the prevailing market rate for Mr. Heeps's services based on his training, skill, and experience. "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Norman*, 836 F.2d at 1299. Mr. Piemonte failed to provide the requested authority and failed to provide any justification or basis as to why the Firm should be compensated at the rate of $242.78 per hour when the Firm apparently considered the market value of Mr. Heeps's services to be $75 per hour.

The Court finds that the only evidence of the fair market value of Mr. Heeps's services provided by the Firm is the $75 per hour rate actually paid by the Firm. It is noted, however, that Mr. Heeps is a member of the Texas Bar. While the $75 rate may be appropriate for the Court to apply, the practice in the Middle District of Georgia has been to compensate non-admitted attorneys at the prevailing market rate for paralegals—particularly where the fee application is unopposed. *See Zech*, 680 F. App'x at 860. Thus, that is the rate the Court will apply to services performed by Mr. Heeps. As the Firm failed to provide any evidence of the prevailing market rate for paralegals, the Court relies on its own experience to set a reasonable hourly rate. *See Miller v. Kenworth of Dothan, Inc.*, 117 F. Supp. 2d 1247, 1254 (M.D. Ala. 2000) ("Where there is a lack of documentation, a district court may make an independent judgment based on its own experience and knowledge concerning the rates charged by lawyers of similar skill in similar lawsuits in the same market area.").

After analyzing multiple cases[3] in the relevant market, this Court recently determined that for services performed in 2020 and 2021, a rate of $130 per hour was appropriate for a

---

[3] *See e.g., Zedan v. Bailey*, 522 F. Supp. 3d 1363, 1381, 1382 n.22 (M.D. Ga. 2021) (finding that paralegal's requested hourly rate of $100 was reasonable); *Kubota Tractor Corp. v. Nashville Tractor, Inc.*, 19-cv-189, 2021 WL

paralegal with eighteen years of experience, and a rate of $140 per hour was appropriate for a paralegal who had a juris doctor degree and over fifteen years of experience. *Weissman v. Cheokas*, No. 17-cv-220, slip op. at 8-10 (M.D. Ga. Sept. 29, 2023).

Here, Mr. Heeps's services were performed in April 2023, at which time he had engaged in private practice of law for approximately thirteen years. Mr. Heeps's practice is primarily in Social Security disability matters, and he had been counsel or drafted briefs in over twenty district court cases. (*See* Doc. 18-7 ¶ 4). Mr. Heeps is admitted to the State Bar of Texas and to the bars of the United States District Courts for the Northern and Southern Districts of Texas.

Based on Mr. Heeps's experience, including his juris doctor degree, and the Court's own knowledge and experience, the Court finds the prevailing market rate in Valdosta, Georgia, for Mr. Heeps's services, adjusted for the cost of inflation from December 2021 through April 2023, is $152[4] per hour for 18.91 hours or a total of $2,874.32.

## IV.    CONCLUSION

Upon full review and consideration of the record, the Court hereby **GRANTS in PART** and **DENIES in PART**, Plaintiff's Motion for Fees (Doc. 18). The Court awards to Plaintiff from the Defendant Commissioner attorney's fees totaling $4,071.23.[5] Any payment shall be made payable to Plaintiff and delivered to Plaintiff's counsel unless Plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that Plaintiff

---

5413667, at *7 (M.D. Ga. Jan. 22, 2021) ("The Court further finds that a rate of $100 per hour is appropriate for paralegals in Valdosta with twenty years' experience or more."); *Zediker v. OrthoGeorgia*, 407 F. Supp. 3d 1330, 1344 (M.D. Ga. 2019) ("Based on the Court's experience, the more reasonable hourly rates for paralegals and first-year associates are $150 per hour and $175 per hour, respectively."); *O'Neal v. Norfolk S. R.R. Co.*, No. 16-CV-519, 2018 WL 6005425, at *2 (M.D. Ga. Nov. 15, 2018) ("The paralegal. . . in this case. . . has shown she has more than 20 years of experience in litigation. . . [t]he Court finds that $150 per hour is in line with local market. . . .").

[4] Based on $140 hourly rate as adjusted by Bureau of Labor Statistics CPI Inflation Calculator. Available at: https://data.bls.gov/cgi-bin/cpicalc.pl?cost1=140.00&year1=202112&year2=202304.

[5] Total calculations: $1,196.91 for Mr. Piemonte's and Ms. Waller's services plus $2,874.32 for Mr. Heeps's services.

does not owe a federal debt, the government may accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

      **SO ORDERED**, this 24th day of July 2024.

                  /s/W. Louis Sands

                  **W. LOUIS SANDS, SR. JUDGE**
                  **UNITED STATES DISTRICT COURT**